UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE JURICH,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS EMPLOYEES:
BRIAN EVERS, W. CHAPMAN,
P. DeLEEUW, and LEE McROBERTS,

        Defendants.
_____/

CASE NO. 10-12028

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

## **OPINION AND ORDER DISMISSING THE COMPLAINT**

### **I. Introduction**

Plaintiff George Jurich is a state prisoner at Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. He recently filed a *pro se* civil rights complaint against four employees of the Michigan Department of Corrections at ARF. Defendant Brian Evers is a resident unit manager at ARF; defendants W. Chapman and P. DeLeeuw are assistant deputy wardens in charge of housing; and defendant Lee McRoberts is a deputy warden. According to Plaintiff, Chapman, DeLeeuw, and McRoberts supervise Evers.

The complaint alleges that mentally ill prisoners are being housed with prisoners in general population at ARF. On February 8, 2010, Plaintiff wrote a letter to defendant P. DeLeeuw explaining that housing mentally ill prisoners in the same cell with general-population prisoners was a problem. Plaintiff pointed out that, one week after he moved out a cell that he shared with a mentally ill prisoner, the prisoner stabbed his new cell mate in the neck while the

inmate was sleeping.  Plaintiff went on to say that the mentally ill prisoner was filthy, disrespectful, violent with other prisoners, and confrontational with staff.  Plaintiff also stated that exposure to mentally ill prisoners had a tremendous impact on him, causing him to worry, lose sleep, have nightmares, and engage in altercations with the mentally ill inmates.  Plaintiff mentioned in his letter to DeLeeuw that general-population prisoners were being labeled "bugs" by prison staff.  He concluded his letter with a request that correctional officials cease housing mentally ill prisoners with general-population prisoners.

Plaintiff alleges that he never received a response to his letter, and on February 12, 2010, he outlined the problem in a prison grievance.  Defendants W. Chapman and Lee McRoberts stated in responses to the grievance that departmental policy did not prohibit double bunking and that it was unclear how double bunking with mentally ill prisoners directly affected Plaintiff.

Plaintiff filed his civil rights complaint on May 20, 2010.  He claims that double bunking general population inmates with mentally ill prisoners is cruel and unusual punishment.  He seeks injunctive and monetary relief.

## II.  Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action.  The Court may dismiss an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While a complaint need not contain

"detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (citations and footnote omitted). To state a claim under § 1983, a plaintiff "must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law." *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III. Discussion

The defendants act under color of state law when performing their official duties for the State. The question is whether they have violated Plaintiff's constitutional rights.

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations omitted). The Eighth Amendment requires prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" *Id.* (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. "[A] prison official violates the Eighth Amendment only when two requirements are met." *Id*. First, the deprivation alleged must be sufficiently serious. *Id*. For a claim based on a failure to prevent harm, "the inmate

3

must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. Second, the prison official must have a sufficiently culpable state of mind, that is, deliberate indifference to the inmate's health or safety. *Id*.

Double bunking, without more, does not constitute a violation of the Eighth Amendment. *Strickler v. Waters*, 989 F.2d 1375, 1382 (4th Cir. 1993); *Barclay v. New York*, 477 F. Supp.2d 546, 554 (N.D. N.Y. 2007). Plaintiff, moreover, was not physically harmed as a result of sharing a cell with a mentally ill inmate, and he has no standing to challenge the safety of the inmate who was stabbed. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989). Plaintiff also has not shown that he is presently in danger. Thus, the facts as alleged fail to show that the alleged deprivation of safety is or was sufficiently serious and that the defendants are or were deliberately indifferent to Plaintiff's health or safety.

To the extent that Plaintiff is suing defendants Chapman, DeLeeuw, and McRoberts on a supervisory theory of liability, he has not stated a claim for relief because vicarious liability is not a basis for relief under § 1983. *Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. Dep't of Soc. Serv. of the City of New York*, 436 U.S. 658, 694-95 (1978)). Additionally, "[m]ere proof of a single incident of errant behavior is a clearly insufficient basis for imposing liability" under § 1983 on a theory that the defendants inadequately trained their subordinates. *Merritt v. Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (plurality opinion)). Finally, Plaintiff's allegation that he has been stigmatized because correctional officers labeled him a "bug" lacks merit, because injury to one's reputation "is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976).

4

## IV. Conclusion

For all the reasons given above, Plaintiff's allegations lack an arguable basis under law and fail to state a claim for which relief may be granted. Accordingly, the complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff may not proceed without prepayment of the appellate fees and costs if he chooses to appeal this decision, because an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 15, 2010

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 15, 2010.

s/Denise Goodine
Case Manager