UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE JURICH,

        Plaintiff,

                                  CASE NO. 10-12028

v.

                                  PAUL D. BORMAN

MICHIGAN DEPARTMENT OF         UNITED STATES DISTRICT JUDGE
CORRECTIONS EMPLOYEES:
BRIAN EVERS, W. CHAPMAN,
P. DeLEEUW and LEE McROBERTS,

        Defendants.
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTIONS FOR
RECONSIDERATION AND FOR INJUNCTIVE RELIEF</u>**

**I. Introduction**

On May 20, 2010, plaintiff George Jurich filed a *pro se* civil rights complaint against four employees of the Michigan Department of Corrections. The complaint alleged that mentally ill prisoners were being housed with prisoners in general population at the Gus Harrison Correctional Facility where plaintiff was incarcerated. Plaintiff alleged that, one week after he moved out of a cell which he shared with a mentally ill prisoner, the mentally ill prisoner stabbed his new cell mate in the neck. Plaintiff maintained that exposure to mentally ill prisoners had an adverse impact on him and that double bunking general population inmates with mentally ill prisoners was cruel and unusual punishment.

On June 15, 2010, the Court summarily dismissed the complaint on grounds that double bunking, without more, does not constitute a violation of the Eighth Amendment and that Plaintiff had failed to show a sufficiently serious deprivation of safety or deliberate indifference

to his health and safety. In that motion, the Court, at p. 4, discussed and denied Plaintiffs claim regarding mentally ill prisoners. Currently pending before the Court are Plaintiff's motion for reconsideration of the Court's order dismissing his case and Plaintiff's motion for injunctive relief.

## II. The Motion for Reconsideration

### A. The Evaluation of Plaintiff's Allegations

Plaintiff alleges that the Court held him to a higher standard than what is required under the law. He contends that the Court's pre-printed form prevented him from supporting his facts with case law and legal arguments and, therefore, he was unable to bolster his position with legal authority.

Plaintiff did not use a pre-printed form for his complaint, and it was not the lack of legal arguments or case citations that led the Court to dismiss his case. Rather, it was the failure to allege facts sufficient to raise a plausible right to relief.

Plaintiff nevertheless contends that the Court responded to an allegation he never made when the Court stated that double bunking does not constitute a violation of the Eighth Amendment. The complaint, however, specifically states that the "concept of double-bunking with mentally ill prisoners creates a cruel and unusual punishment situation under the Eighth Amendment." Compl. at unnumbered page 4. The Court therefore correctly addressed the claim which Plaintiff made.

### B. Evidence of Physical Harm

Plaintiff alleges next that double bunking with mentally ill prisoners is an ongoing problem and that he was not required to show physical harm before filing his complaint. It is

true that "a remedy for unsafe conditions need not await a tragic event." *Helling v. McKinney*, 509 U.S. 25, 33 (1993).

The Eighth Amendment is violated in a prison conditions case only when two requirements are met: (1) the deprivation alleged must be sufficiently serious and (2) the prison official must have a sufficiently culpable state of mind, that is, deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For a claim based on a failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*.

"Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id*. at 835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Even if the Court were to assume that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm, Plaintiff has failed to show that the defendants knew he was at risk when they placed him in a cell with a mentally ill prisoner and that the defendants were deliberately indifferent to his health or safety. Furthermore, Plaintiff has no standing to assert the constitutional rights of other prisoners. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989). The Court therefore finds that it correctly applied the law to Plaintiff's Eighth Amendment claim**C. The Lack of an Opportunity to Amend the Complaint**

Plaintiff faults the Court for not giving him an opportunity to amend his complaint before dismissing it. This claim lacks merit, because the Court of Appeals for the Sixth Circuit has instructed District Courts to screen a complaint under 28 U.S.C. § 1915(e)(2) the moment the complaint is filed and "before process is served or the individual has had an opportunity to amend the complaint." *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (stating that district courts may not permit plaintiffs to amend a complaint to avoid dismissal). When, as here, the complaint falls within the requirements of § 1915(e)(2), it must be dismissed. *In re Prison Litigation Reform Act*, 105 F.3d at 1134. The Court therefore did not err by failing to give Plaintiff an opportunity to amend his complaint before dismissing it.

### D. Denying Leave to Appeal without Prepayment of the Fees and Costs

Plaintiff contends that the Court erroneously determined that he should not be allowed to appeal the Court's order of dismissal. The Court, however, did not forbid Plaintiff from appealing its decision. The Court merely stated that an appeal could not be taken in good faith and, therefore, Plaintiff could not proceed without prepayment of the appellate fees and costs. If Plaintiff elects to appeal the Court's order dismissing his case, he may apply to the Court of Appeals for leave to proceed without prepayment of the appellate filing fee. Fed. R. App. P. 24(a)(5).

In conclusion, Plaintiff has failed to show that the Court was misled by a "palpable defect" and that correcting the defect will result in a different disposition of the case. Local Rule 7.1(h)(3) (E.D. Mich. Mar. 1, 2010). Accordingly, Plaintiff's motion for reconsideration [Dkt. #6] is **DENIED**.

### III. The Addendum to the Motion for Reconsideration and the Motion for Injunctive Relief

In an addendum to his motion for reconsideration, Plaintiff alleges that, on October 7, 2010, he was forced to share a cell with another mentally disturbed inmate, who punched him in the chest and pushed him against a concrete wall. Plaintiff further alleges that prison officials retaliated against him for complaining about the incident by terminating him from his work assignment.

In his motion for an injunctive order, Plaintiff alleges that a correctional officer has retaliated against him and transferred him to another prison. In the process of being relocated, Plaintiff's footlockers were damaged. He seeks any injunctive relief that the Court deems sufficient to protect his life, safety, and property from further incidents by correctional employees.

The Court dismissed Plaintiff's complaint because his allegations lacked an arguable basis in law and failed to state a claim for which relief may be granted. There is no basis for re-opening the case, as explained above. Furthermore, Plaintiff is no longer incarcerated at the correctional institution where the events in question arose, and there is no basis for believing that the alleged constitutional deprivations will re-occur. Thus, Plaintiff has no right to injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that the prisoner's request for declaratory and injunctive relief was moot because the prisoner was no longer confined at the institution where his constitutional rights allegedly were violated).

As aptly stated by a federal magistrate judge in the District of Colorado,

> Plaintiff's attempts to raise new constitutional issues or alleged new injuries in a closed case are inappropriate. . . . In addition, to the extent that Plaintiff requests injunctive relief, such relief is not available when related to events that occurred

after the filing of the operative complaint. *Teague v. Hood*, No. 06-cv-01800, 2008 WL 2228905, at *16 (D. Colo. May 27, 2008) (unpublished decision) (noting that a preliminary injunction is inappropriate to address conduct that occurred after complaint was filed).

*Stine v. Wiley*, No. 06-cv-02105, 2010 WL 3516634, at *1 (D. Colo. Aug. 10, 2010) (unpublished Report and Recommendation), *report and recommendation adopted by Stine v. Wiley*, No. 06-CV-02105-WYD-KLM, 2010 WL 3516628 (D. Colo. Sept. 1, 2010) (unpublished).

Plaintiff's motion for injunctive relief raises new constitutional issues and alleges new injuries. It also pertains to individuals who were not parties to this action. Accordingly, the motion for injunctive relief [Dkt. #9] is **DENIED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2011

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on February 24, 2011.

S/Denise Goodine
Case Manager